UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARYANN C., | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | )   No. 2:23-cv-00037-JDL |
| | ) |
| MARTIN O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|       Defendant | ) |

## REPORT AND RECOMMENDED DECISION

The Plaintiff in this Social Security Disability appeal contends that the Administrative Law Judge (ALJ) erred in finding that none of her fifteen medically determinable impairments, separately or in combination, caused more than a slight limitation in her residual functional capacity (RFC) to work. *See* Plaintiff's Brief (ECF No. 10) at 3-13. I find no reversible error and recommend that the Court affirm the Commissioner's decision.

### I. Background

The ALJ found, in relevant part, that the Plaintiff (1) had medically determinable impairments of Behcet's disease[1]; kidney stones; thyroid disorder; parathyroid disorder; allergic rhinitis; reflux disease with vocal cord spasms; status-post right rib fracture; small Bochdalek hernia; migraines; status-post open reduction

---

[1] "Behcet's disease is a rare disease that causes chronic inflammation, or swelling, in the body's blood vessels. Behcet's disease can affect many parts of the body, including the brain and spinal cord." *Behcet's Disease*, Nat'l Inst. of Neurological Disorders & Strokes, https://www.ninds.nih.gov/health-information/disorders/behcets-disease#:~:text=What%20is%20Behcet's%20disease%3F,Stroke (last visited Jan. 22, 2024).

1

and internal fixation (ORIF) of the left wrist; degenerative disc disease of the lumbar spine; osteoporosis; calcaneal spur of the right lower extremity; great saphenous vein insufficiency; and affective disorder with anxiety, *see* Record at 19; (2) did not have an impairment or combination of impairments that had significantly limited (or was expected to significantly limit) her ability to perform basic work-related activities for twelve consecutive months and, accordingly, had no severe impairment or combination of impairments, *see id.* at 20; and (3) therefore had not been disabled at any time from September 24, 2016, her alleged onset date of disability, through February 17, 2022, the date of the decision, *see id.* at 26-27. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-4, making that decision the final determination of the Commissioner, *see* 20 C.F.R. § 404.981.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by

ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

### III. Discussion

The Plaintiff challenges the ALJ's finding that none of her fifteen medically determinable impairments, alone or in combination, caused more than a slight limitation in her work-related functional capacity and that she therefore had no severe impairment. *See* Plaintiff's Brief at 3-13. She argues that the ALJ violated the *de minimis* standard for evaluating whether impairments are severe on a record "replete with evidence that [her] migraine headaches, mental health complaints, and IBS [Irritable Bowel Syndrome] would, at the very least, cause more than a slight limitation on her RFC," *id.* at 3-12, and provided "no real discussion" about whether her fifteen impairments in combination produced more than slight functional limitations, *id.* at 12-13.

In so arguing, the Plaintiff fails to come to grips with contrary evidence on which the ALJ relied, most notably the prior administrative findings of agency nonexamining physicians and psychologists on initial review and reconsideration. *See* Plaintiff's Brief; Plaintiff's Reply (ECF No. 13). Donald Trumbull, M.D., on initial review and Archibald Green, D.O., on reconsideration both found that the Plaintiff had no severe migraine or other physical impairment and no medically determinable impairment of IBS and assessed no physical limitations. *See* Record at 79-81, 85. Mary Alyce Burkhart, Ph.D., on initial review and Leigh Haskell, Ph.D., on reconsideration both found that the Plaintiff had no severe mental impairment and

assessed no mental limitations. *See id.* at 80-81, 86. When asked on both initial review and reconsideration whether the Plaintiff had "a combination of impairments that is severe," the consultants answered, "No." *Id.* at 80, 86.

The ALJ found the opinions of all four consultants that the Plaintiff had no severe impairment persuasive. *See id.* at 24-25. This Court has held that an agency nonexamining consultant's prior administrative findings can serve as substantial evidence in support of an ALJ's decision unless "material new evidence has been submitted that calls the expert's conclusions into question." *Tiffany B. v. Kijakazi*, No. 2:22-cv-00102-LEW, 2023 WL 2156968, at *3 (D. Me. Feb. 22, 2023) (rec. dec.) (cleaned up)), *aff'd*, 2023 WL 2529579 (D. Me. Mar. 15, 2023).

The Plaintiff does not argue that the consultants lacked the benefit of review of material new evidence. *See* Plaintiff's Brief; Plaintiff's Reply. She makes no mention of the Trumbull or Green findings and faults the ALJ's handling of the Burkhart and Haskell findings only insofar as the ALJ rejected their assessment of mild limitations in all four so-called "Paragraph B criteria,"[2] instead finding a mild limitation in one of those criteria and no limitation in the remaining three. *See id.*; Record at 24. However, as the Commissioner observes, *see* Commissioner's Brief (ECF No. 12) at 16, any error in deviating from the Burkhart and Haskell Paragraph B findings is harmless. Even had the ALJ adopted those findings, the end result would have been the same: that the Plaintiff had no more than mild functional

---

[2] The Commissioner uses a "five-point scale" of "[n]one, mild, moderate, marked, and extreme" to rate a claimant's degree of functional limitation in the four broad Paragraph B criteria: "understand[ing], remember[ing], or apply[ing] information; interact[ing] with others; concentrat[ing], persist[ing], or maintain[ing] pace; and adapt[ing] or manag[ing] oneself." 20 C.F.R. § 404.1520a(c)(3)-(4).

limitations and, hence, no severe mental impairment. *See* 20 C.F.R. § 404.1520a(d)(1), (3) ("If we rate the degrees of your limitation as 'none' or 'mild,' we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities"; "If we find that you have a severe mental impairment(s) that neither meets nor is equivalent in severity to any listing, we will then assess your residual functional capacity.").

The Plaintiff's arguments, accordingly, amount to an unavailing invitation to the Court to reweigh the evidence. *See Rodriguez v. Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222 (1st Cir. 1981) ("The [Commissioner] may (and, under his regulations, must) take medical evidence. But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for him, not for the doctors or for the courts."); *Malaney v. Berryhill*, No. 2:16-cv-00404-GZS, 2017 WL 2537226, at *2 (D. Me. June 11, 2017) ("The mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand." (rec. dec.) (cleaned up)), *aff'd*, 2017 WL 2963371 (D. Me. July 11, 2017), *aff'd*, No. 17-1889, 2019 WL 2222474 (1st Cir. May 15, 2019).

## IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **AFFIRMED**.

## *NOTICE*

***A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered***

5

*pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum and request for oral argument before the District Judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the District Judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: January 26, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge