UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

MARY-ANN C.,                          )
                                      )
        Plaintiff,                    )
                                      )
            v.                        )          2:23-cv-00037-JDL
                                      )
MARTIN O'MALLEY,                      )
Commissioner of Social Security,      )
                                      )
        Defendant.                    )

ORDER ACCEPTING THE RECOMMENDED DECISION OF THE
MAGISTRATE JUDGE

Mary-Ann C. seeks judicial review of the Social Security Administration Commissioner's final decision determining that she is not disabled and denying her claims for disability insurance benefits (ECF No. 1). After receiving an unfavorable decision from the Administrative Law Judge ("ALJ"), the Appeals Council denied the Plaintiff's request for review, and the Plaintiff has appealed the Commissioner's decision to this Court. Pursuant to 28 U.S.C.A. § 636(b)(3) (West 2024) and D. Me. Local R. 16.3(a)(2), United States Magistrate Judge Karen Frink Wolf held a hearing on the Plaintiff's Statement of Errors (ECF No. 10). The Magistrate Judge filed her Recommended Decision with the Court on January 26, 2024 (ECF No. 16), recommending that the Court affirm the Commissioner's decision. The Plaintiff filed an Objection to the Recommended Decision (ECF No. 17), and the Commissioner filed a Response to the Plaintiff's Objection (ECF No. 18).

1

## I. DISCUSSION

After reviewing and considering the Magistrate Judge's Recommended Decision, together with the entire record and the attorneys' arguments, I have made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. After careful consideration, I concur with the Magistrate Judge's conclusions for the reasons set forth in her Recommended Decision, and I limit my analysis to the specific objections that Mary-Ann C. asserts.

### A. Plaintiff's Assertion That She Left Her Long-Term Job Due to Environmental Limitations

Mary-Ann C. first contends that the Recommended Decision ignores unrebutted evidence that she was compelled to leave her prior long-standing employment due to environmental limitations. She argues that the unrebutted evidence demonstrates that she left her position as a school lunch program manager due to breathing problems associated with "poor ventilation and humidity, environmental irritants inherent to such a workplace, which caused her to suffer viral upper respiratory tract infections, wheezing, and acute laryngitis (spasmodic)." ECF No. 17 at 2-3. Based on that evidence, she contends that the ALJ was required to make a favorable finding at step two,[1] citing SSR 85-28, 1985 WL 56856 (1985) ("SSR 85-28"), to support her position.[2] The Plaintiff argues that the Recommended

---

[1]  The Social Security Administration uses a five-step sequential evaluation process to determine whether a claimant is disabled. At step two, the ALJ considers whether the claimant has a "severe" impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii), (c) (2012).

[2]  Social Security Ruling 85-28 provides in part:

> If the medical evidence establishes only a slight abnormality(ies) which has no more than a minimal effect on a claimant's ability to do basic work activities, but evidence shows that the person cannot perform his or her past relevant work because of the

Decision "does not mention a single word about any of this," ECF No. 17 at 3, and that the "unrebutted evidence of Plaintiff's inability to continue in her [past relevant work] due to the unique environmental conditions of that work and its effect on her upper respiratory system required a favorable finding at step 2. Period. This is black and white bedrock Agency policy . . . ." ECF No. 17 at 3.

The Recommended Decision does not explicitly reference the "environmental limitations" that the Plaintiff alleges she experienced in her past work. But the Recommended Decision nonetheless observes that "Plaintiff fails to come to grips with contrary evidence on which the ALJ relied, most notably the prior administrative findings of agency nonexamining physicians and psychologists on initial review and reconsideration." ECF No. 16 at 3. That the Recommended Decision is not more explicit in addressing this argument is only consequential if there was, in fact, insufficient evidence in the administrative record to support the ALJ's conclusion. That is not the case.

The ALJ's decision explicitly addresses Plaintiff's environmental limitations argument, acknowledging the Plaintiff's report that she lost her job due to environmental factors and later concluding that, "[a]fter considering the evidence of record, the undersigned finds that the record does not support the reported level of severity." ECF No. 8-2 at 22. The ALJ cited to and weighed the relevant medical evidence of record, assessing the evidence related to the severity and treatment

---

unique features of that work, a denial at the "not severe" step of the sequential evaluation process is inappropriate.

SSR 85-28, 1985 WL 56856, at *4 (1985).

histories associated with Plaintiff's headaches, Bechet's condition, and thyroid condition—concluding that "[o]verall, the evidence failed to support that migraine/headaches caused even minimal limitations," ECF No. 8-2 at 23, and other medical conditions "caused less than minimal ascribable limitations," ECF No. 8-2 at 21. As the Commissioner notes, the ALJ considered evidence showing that the Plaintiff had no more than "a low-positive allergy to mold (which could not be duplicated); a negative spirometry test, no asthma, and unremarkable imaging." ECF No. 18 at 3. The ALJ could reasonably conclude that the evidence contained in the hearing record and cited in her decision, *see* ECF No. 8-2 at 22-26, does not show that the Plaintiff experienced even minimal ascribable limitations in performing her past relevant work. Thus, I find that no error was made by the ALJ in connection with Plaintiff's argument that she was forced to leave her past work due to environmental limitations.

**B.     Whether the ALJ's Findings Regarding Plaintiff's Migraine Headaches Were Substantially Supported by Record Evidence**

The Plaintiff argues that the ALJ overlooked two key facts regarding Plaintiff's migraines: First, that the Plaintiff's migraines were so intense before her treatment that Botox treatment was implemented with some initial success, and second, that as of December 2017, the Plaintiff discontinued Botox treatments because they had become ineffective. These facts, Plaintiff contends, stand unrebutted and demonstrate sufficient step-two severity for at least some periods of time. Plaintiff also cites as error the failure by the state-agency consultants and the ALJ to explicitly

evaluate the Plaintiff's migraine headaches in connection with SSR 19-4p, 2019 WL 4169635 (Aug. 26, 2019) ("SSR 19-4p").

The Commissioner responds that, among other things, the ALJ grounded the step-two determination in the prior findings made by the state-agency consultants which indicated that all of Plaintiff's physical impairments, including her migraines, are non-severe.  Further, the Commissioner notes that although Plaintiff raises SSR 19-4p, she fails to identify any specific way in which the consultants' evaluations failed to conform with SSR 19-4p.  In her findings, the ALJ noted: "While the two state agency consultants did not discuss SSR 19-4p, imaging showed possible effects of migraine[s]," providing "a basis to find a primary headache disorder, even though the claimant reported the headaches were secondary to inflammation, anxiety, and environmental issues."  ECF No. 8-2 at 23.

The ALJ ultimately concluded that although there was a basis to find a primary headache disorder, "the claimant's headaches were nonsevere."  ECF No. 8-2 at 23.  The ALJ's evaluation and weighing of the evidence make it apparent that she was aware of the requirements of SSR 19-4p in determining what weight to give the state-agency consultant's findings, and in arriving at her own judgment that the Plaintiff's physical impairments, including her migraines, are non-severe.  In addition, the fact that Botox treatments were used and then discontinued—evidence that the Plaintiff emphasizes in her argument—bears on proof of the existence of a headache disorder, but it is not determinative regarding the severity of that impairment.  And Plaintiff does not argue with any specificity how the state-agency consultants failed to conform their evaluations to SSR 19-4p, nor does she argue that

5

a consultant's failure to explicitly cite to SSR 19-4p is without more, erroneous. *See Dube v. Kijakazi*, No. 23-1068, 2024 WL 372841, at *1 (1st Cir. Jan. 16, 2024) ("Although the ALJ did not specifically cite an applicable Social Security Ruling, the record suggests that he followed the ruling and applied it properly, meaning this omission is not a basis for reversal."). Thus, no error by the ALJ has been shown.

## C.   Step-Two Non-Severity Findings

Plaintiff argues that because doubt has been shown with respect to the step-two determination, step two should be resolved in her favor, and that the Recommended Decision makes no mention of this, instead portraying Plaintiff's argument regarding step two as if it were, in Plaintiff's words, "merely Plaintiff's argument, as opposed to controlling law." ECF No. 17 at 6. However, the Recommended Decision explicitly acknowledges that step two imposes a de minimis standard, and as I previously observed, the Recommended Decision states, in affirming the ALJ's step-two determination, that "the Plaintiff fails to come to grips with contrary evidence on which the ALJ relied, most notably the prior administrative findings of agency nonexamining physicians and psychologists on initial review and reconsideration." ECF No. 16 at 3.

Neither the Recommended Decision nor, more importantly, the ALJ's findings evince any confusion or uncertainty about the low threshold that step two imposes. Conflicting evidence at step two "does not require a finding that a claimant has a severe impairment or impairments." *Kenyetta Day v. Berryhill*, No. 1:16-cv-00593-JAW, 2017 WL 5037454, at *3 (D. Me. Nov. 2, 2017) (rec. dec., *aff'd* Nov. 20, 2017). The ALJ's decision cites to record support constituting substantial evidence for

finding that Plaintiff's impairments do not limit her ability to perform basic work-related activities, which is sufficient under step two.  No more is required.[3]

## II.  CONCLUSION

It is therefore **ORDERED** that the Recommended Decision (ECF No. 16) of the Magistrate Judge is hereby **ACCEPTED**, and the Commissioner's decision is **AFFIRMED**.

**SO ORDERED.**

**Dated:  March 31, 2024**

_____/s/ JON D. LEVY_____
**U.S. DISTRICT JUDGE**

---

[3]  Because the parties' written submissions fully develop the issues for decision, no additional argument is required.